IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-cv-00253-BO

CHRISTOPHER MOSBY, )
)
Plaintiff, )
)
v. ) **ORDER**
)
UNITED STATES, )
)
Defendant. )

Christopher Mosby ("plaintiff"), a state inmate proceeding pro se and without prepayment of fees, contests a U.S. Drug Enforcement Agency ("DEA") forfeiture [D.E. 1, 7, 18]. The cause is before the court to consider pending motions [D.E. 4, 21, 22, 23] and to conduct initial review.

Plaintiff moves for an extension of time to ensure the instant action is timely. See [D.E. 4] at 1. The court noted in a related case that forfeiture proceedings were initiated against plaintiff on August 29, 2012. Mosby v. Hunt, et al., No. 5:16-hc-02136-BO (E.D.N.C. June 5, 2018), Order [D.E. 18].[1] The court directed the clerk to open the instant action as a motion to set aside a forfeiture under 18 U.S.C. § 983(e) with plaintiff's motions for the return of property serving as the complaint. Id. The court assigned an effective filing date of April 20, 2017, see id., a date within the five-year limitation period for contesting civil forfeitures, see 18 U.S.C. § 983(e)(3). Thus, plaintiff has received the relief he requests and the court DENIES as moot the motion to extend time [D.E. 4].

---

[1] Plaintiff previously raised claims incident to this seizure and forfeiture in other cases. See Mosby v. Sykes, No. 5:15-CT-3202-BO, 2017 WL 4102487, at *2–3 (E.D.N.C. Feb. 23, 2017) (noting the DEA seized money pursuant to 21 U.S.C. § 881 and finding that plaintiff's complaint pursuant to 28 U.S.C. § 1983 failed), aff'd 692 Fed.Appx. 755 (4th Cir. 2017); Mosby v. Ingram, No. 5:15-ct-03247-BO (E.D.N.C. Mar. 28, 2016) (denying plaintiff's petition for a Writ of Mandamus to compel the return of the forfeited money).

The court GRANTS IN PART plaintiff's motions for copies [D.E. 21, 23], and DIRECTS the clerk to send plaintiff a copy of the complaint in this action [D.E. 1]. To the extent plaintiff seeks other documents, because plaintiff has not demonstrated a particularized need, he is not entitled to additional court documents at the government's expense. See Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152 (4th Cir.), aff'd on reh'g, 465 F.2d 1091 (4th Cir. 1972), cert. denied, 410 U.S. 944 (1973); United States v. Gallo, 849 F.2d 607, 1988 WL 60934, at *1 (4th Cir. May 31, 1988) (per curiam table decision). Plaintiff instead may use the Public Access to Court Electronic Records (PACER) program (10 cents per page) or the record system request through the Clerk's Office (50 cents per page). See 28 U.S.C.A. § 1914, Judicial Conference Schedule of Fees, at ¶4; http://www.nced.uscourts.gov/pdfs/CopyRequestInstructions.pdf (last visited Feb. 15, 2019).

To the extent plaintiff seeks to amend his complaint, the court summarily GRANTS the motion [D.E. 22]. See Fed. R. Civ. P. 15(a)(1). Pursuant to 28 U.S.C. § 1915A, the court now conducts its initial review of the complaint, as amended.

Plaintiff's amended complaint asserts an intention to contest the aforementioned DEA forfeiture in a civil-rights action under 28 U.S.C. § 1983. See [D.E. 22] at 1. Because plaintiff contends he did not receive notice of this forfeiture, see id. at ¶ 8, the court instead will liberally construe plaintiff's filing as an action to set aside the forfeiture pursuant to 18 U.S.C. § 983(e). See Flores v. United States, No. 1:13CV989, 2015 WL 1977581, at *3 (M.D.N.C. Apr. 30, 2015).

Because plaintiff's claim under 18 U.S.C. § 983(e) is not frivolous on its face, the court ALLOWS the action to proceed and DIRECTS the clerk to continue management of the case.

SO ORDERED. This __ day of February 2019.

TERRENCE W. BOYLE
Chief United States District Judge

2