IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-00253-BO

CHRISTOPHER MOSBY, )
)
Plaintiff, )
)
v. ) **ORDER**
)
UNITED STATES, )
)
Defendant. )

This cause is before the court on plaintiff's filing, docketed as a motion "for acknowledgment of Moorish Appellation." Mot. [D.E. 60]. For the following reasons, the court denies the motion.

Relevant Procedural History:

Christopher Mosby ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, contests a U.S. Drug Enforcement Agency ("DEA") forfeiture of United States Currency. [D.E. 1, 7, 18].

This case stems from a related case where the court: noted forfeiture proceedings were initiated against plaintiff on August 29, 2012; directed the clerk to open this action as a motion to set aside a forfeiture under 18 U.S.C. § 983(e) with plaintiff's motions for the return of property serving as the complaint; and assigned an effective filing date of April 20, 2017. See Mosby v. Hunt, et al., No. 5:16-HC-02136-BO (E.D.N.C. June 5, 2018), Order [D.E. 18].

On February 22, 2019, the court granted plaintiff's motion to amend, conducted its initial review of the amended complaint, liberally construed plaintiff's filings as an action to set aside the forfeiture under 18 U.S.C. § 983(e), and allowed the action to proceed. Order [D.E. 24].

On February 28, 2019, plaintiff filed, among other things, a motion for summary judgment together with attached documents in support. See Mot. [D.E. 26].

On April 30, 2019, plaintiff filed another motion for summary judgement with attached documents in support. See Mot. [D.E. 31].

On May 7, 2019, defendant filed a motion to dismiss under Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6), Mot. [D.E. 33], a memorandum in support [D.E. 34], a statement of material facts [D.E. 35], and a declaration with attachments [D.E. 36].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 37].

On May 30, 2019, plaintiff filed a response in opposition to defendant's motion to dismiss [D.E. 38]. On June 25, 2019, defendant filed a reply [D.E. 41].

On August 14, 2019, plaintiff filed a motion seeking entry of default. Mot. [D.E. 43].

On November 21, 2019, plaintiff filed a motion for summary judgment, Mot. [D.E. 46], a declaration [D.E. 47], and a statement of material facts [D.E. 48]. On November 26, 2019, defendant filed a response in opposition [D.E. 49]. On December 13, 2019, plaintiff filed a reply [D.E. 50].

On February 14, 2020, plaintiff filed a self-styled "Legal Notice! Name Declaration, Correction Proclamation and Publication [sic]." [D.E. 51].

On April 27, 2020, plaintiff filed a self-styled document entitled "Writ of Quo Warranto for Dismissal [sic]." [D.E. 53].

On October 7, 2020, plaintiff filed, among other things, a motion for judgment on the pleadings. Mot. [D.E. 56].

2

On November 2, 2020, the court issued an order that, among other things: found plaintiff's filings on February 14 and April 27, 2020, lacked merit; denied plaintiff's motion for entry of default; denied plaintiff's motions for summary judgment; denied plaintiff's motion for judgment on the pleadings; and granted defendant's motion to dismiss. See Order [D.E. 58].

On March 18, 2021, plaintiff filed the instant motion. See Mot. [D.E. 60].

On April 21, 2021, plaintiff filed a self-styled document entitled: "affidavit of fact; Rule 60 notice; Principal of Amicus Curae [sic]." See [D.E. 62].

### Plaintiff's Instant Filings:

In his motion, plaintiff cites to a habeas case in the U.S. District Court for the Middle District of North Carolina ("M.D.N.C."), Mosby v. Cooper, No. 1:21CV168 (M.D.N.C. July 12, 2021). Mot. [D.E. 60] at 1. Plaintiff asserts that the M.D.N.C. "made a great mistake violating Local Rule 45 and Rule 60," and seeks "recognition of free national name and birthright to which he is entitled to [sic]." Plaintiff refers to this action, asserts the court has not acknowledged and recognized his name correction and status, and contends the court "is constantly disregarding '[his] Moorish Appellation and status [sic].'" Id. at 2. Plaintiff asks the court "to ensure [his] sacred rights are not damaged by the Middle District Court by demanding they acknowledge and de jure recognize [his] Moorish Appellation - C. Joseph Mos-Bey and status-the Moorish National [sic]." Id.

Plaintiff attaches to this filing various documents from the M.D.N.C. habeas case, including: a U.S. Magistrate Judge's recommendation on March 3, 2021, Mot. Attach. [D.E. 60-1] at 1–2; notice that he is "seeking to acknowledge and recognize [his] free national name and birthright [sic]," id. at 3; a self-styled "Legal Notice! Name Declaration, Correction Proclamation and Publication [sic]," id. at 4; his habeas petition under 28 U.S.C. § 2254, id. at 5–19; a self-styled

3

"Addifavit [sic] of Fact; Averment Jurisdiction; Subbrogation, and Declaration and Proclamation of in full life status and proper person [sic]," id. at 20–22; a certificate of service, id. at 23; and a self-styled "affidavit of fact financial statement," id. at 24–25.

In his April 21, 2021, filing, plaintiff asserts that he is "Sir C. Joseph Mos-Bey, The Moorish National Formerly known as Christopher Mosby [sic]." [D.E. 62] at 1. Plaintiff argues, in relevant part, that the court erred "in failing to acknowledge and recognize 'the legal notice'" filed on February 14, 2020. Id. at 2. Plaintiff contends that, because no party opposed his name declaration within 60 days, the "name declaration, correction, proclamation and publication 'stands' as law [sic]." Id. Plaintiff argues that the court "must open case to correct error under Rule 60 and issue 'legal and lawful' judicial order 'acknowledging and recognizing' name and political status as stated in judicial notice and proclamation [sic]." Id. at 3. Plaintiff asserts that, since the court permits changes of address, the court also must do the same for his name correction "by personel [sic] liberty and due process," and that "'non compliance' is a federal and international law offense [sic]." Id.

## Discussion:

To the extent plaintiff seeks reconsideration of the court's prior order, "Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc). A movant seeking relief under Rule 60(b), however, first must demonstrate that: (1) his motion is timely; (2) he has a meritorious claim or defense; (3) the opposing party will not suffer unfair prejudice from setting aside the judgment; and (4) exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993).

4

Plaintiff's arguments as to his "Moorish Appellation" and status as a "Moorish National" are wholly ancillary to the court's order granting defendant's motion to dismiss. See Wright v. Brooms, No. 2:11MC03, 2012 WL 1944917, at *2 (W.D.N.C. May 30, 2012) ("The United States has not recognized the so-called 'Moorish Nation' as a sovereign." (citation omitted)), aff'd, 490 F. App'x 599 (4th Cir. 2012) (per curiam) (unpublished); Headen-El v. Keller, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15, 2011) (collecting cases rejecting claims premised upon status as a "Moorish American"); El–Bey v. United States, No. 1:08CV151, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009) (finding frivolous claims based upon membership in the Moorish American Nation).

Lacking a meritorious claim or defense, plaintiff fails to meet threshold requirements for Rule 60(b) relief. Robinson, 599 F.3d at 412 n.12; Nat'l Credit Union Admin. Bd., 1 F.3d at 264.

To the extent plaintiff's filings may be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), he fails to: cite to any change in controlling law; raise newly discovered evidence; identify any clear error in this court's previous orders; or show that the result was manifestly unjust. See Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007).

Thus, whether he seeks either to alter or amend the judgment under Rule 59(e), or relief from judgment pursuant to Rule 60(b), plaintiff has not met the standards for such relief.

### Conclusion:

For the reasons discussed above, the court DENIES plaintiff's motion [D.E. 60].

SO ORDERED. This ⧸ day of November 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge