IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-00253-BO

| | | |
|---|---|---|
| CHRISTOPHER MOSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

This cause is before the court on plaintiff's self-styled "affidavit of truth in the nature of writ of set aside judgement and newly discovered evidence pursuant to Rule 59 [sic]." Mot. [D.E. 65]. For the reasons discussed below, the court denies the motion.

Relevant Procedural History:

Christopher Mosby ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, contested a U.S. Drug Enforcement Agency ("DEA") forfeiture. [D.E. 1, 7, 18].

This case stems from a related case where the court: noted forfeiture proceedings were initiated against plaintiff on August 29, 2012; directed the clerk to open this action as a motion to set aside a forfeiture under 18 U.S.C. § 983(e) with plaintiff's motions for the return of property serving as the complaint; and assigned an effective filing date of April 20, 2017. See Mosby v. Hunt, et al., No. 5:16-HC-02136-BO (E.D.N.C. June 5, 2018), Order [D.E. 18].

On February 22, 2019, the court granted plaintiff's motion to amend, conducted its initial review of the amended complaint, liberally construed plaintiff's filings as an action to set aside the forfeiture under 18 U.S.C. § 983(e), and allowed the action to proceed. Order [D.E. 24].

On February 28, 2019, plaintiff filed, among other things, a motion for summary judgment

together with attached documents in support. See Mot. [D.E. 26].

On April 30, 2019, plaintiff filed another motion for summary judgement with attached documents in support. See Mot. [D.E. 31].

On May 7, 2019, defendant filed a motion to dismiss under Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6), Mot. [D.E. 33], a memorandum in support [D.E. 34], a statement of material facts [D.E. 35], and a declaration with attachments [D.E. 36].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 37].

On May 30, 2019, plaintiff filed a response in opposition to defendant's motion to dismiss [D.E. 38]. On June 25, 2019, defendant filed a reply [D.E. 41].

On August 14, 2019, plaintiff filed a motion seeking entry of default. Mot. [D.E. 43].

On November 21, 2019, plaintiff filed a motion for summary judgment, Mot. [D.E. 46], a declaration [D.E. 47], and a statement of material facts [D.E. 48]. On November 26, 2019, defendant filed a response in opposition [D.E. 49]. On December 13, 2019, plaintiff filed a reply [D.E. 50].

On February 14, 2020, plaintiff filed a self-styled "Legal Notice! Name Declaration, Correction Proclamation and Publication [sic]." [D.E. 51].

On April 27, 2020, plaintiff filed a self-styled document entitled "Writ of Quo Warranto for Dismissal [sic]." [D.E. 53].

On October 7, 2020, plaintiff moved for judgment on the pleadings. Mot. [D.E. 56].

On November 2, 2020, the court issued an order that, among other things: found plaintiff's

filings on February 14 and April 27, 2020, lacked merit; denied plaintiff's motion for entry of default; denied plaintiff's motions for summary judgment; denied plaintiff's motion for judgment on the pleadings; and granted defendant's motion to dismiss. See Order [D.E. 58].

On March 18, 2021, plaintiff filed a motion "for acknowledgment of Moorish Appellation." See Mot. [D.E. 60].

On April 21, 2021, plaintiff filed a self-styled document entitled: "affidavit of fact; Rule 60 notice; Principal of Amicus Curae [sic]." See [D.E. 62].

On November 2, 2022, the court denied plaintiff's March 18, 2021, motion. Order [D.E. 64].

On November 16, 2022, plaintiff filed the instant motion. Mot. [D.E. 65].

### Plaintiff's Instant Filings:

Plaintiff seeks to alter or amend judgment under Federal Rule of Civil Procedure 59 on the basis of "newly discovered evidence [sic]." Mot. [D.E. 65] at 1–2. Plaintiff asserts he "has filed a legal notice of name correction and Judicial Notice [sic]." Id. at 2. Plaintiff contends, because law enforcement agencies have identified his race as "black," he has been "denationalized [sic]." Id. Plaintiff cites Dred Scott v. Sandford, 60 U.S. 393 (1857), superseded (1868), the U.S. Constitution's Three-fifths Compromise, and the Gettysburg Address for the proposition that his racial designation as black precludes or diminishes his United States citizenship or nationality. See id. at 2–3. Plaintiff contends he corrected his "name and status," but the United States has not responded or objected within 60 days. Id. at 3. He argues that a hearing on his "Judicial Notice and legal Notice of Name Correction" is necessary to "correct the conflict of identity and nationality" because, under "Human Rights Article 15(1)[,] everyone has the right to a nationality." Id. at 3–4. Plaintiff also cites to Federal Rule of Civil Procedure 60 and Federal Rule of Evidence 201.

3

Discussion:

Plaintiff's instant motion is premised on his earlier filings in this case and essentially seeks to re-litigate his previous claims regarding his identity and nationality.

The court's prior order noted: "Plaintiff's arguments as to his 'Moorish Appellation' and status as a 'Moorish National' are wholly ancillary to the court's order granting defendant's motion to dismiss." Order [D.E. 64] at 5 (collecting cases finding frivolous claims based upon membership in the Moorish American Nation). Plaintiff has not shown that this determination was erroneous.

Plaintiff's apparent attempts to rely upon the Dred Scott case and the Universal Declaration of Human Rights also are misplaced. See, e.g., Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004) (noting the Universal Declaration of Human Rights "does not of its own force impose obligations as a matter of international law"); Brunson v. Bd. of Trustees of Sch. Dist. No. 1 of Clarendon Cty., S. C., 429 F.2d 820, 825 (4th Cir. 1970) (Sebeloff, J., concurring) ("The Thirteenth, Fourteenth and Fifteenth Amendments were the explicit and total repudiation of the Dred Scott teaching.").

To the extent plaintiff complains that public records continue to identify him as Christopher Mosby despite his wish to be recognized as Sir C. Joseph Mos-Bey, see [D.E. 62] at 1, plaintiff has not shown that he legally changed his name, see Ephraim v. Angelone, 313 F. Supp. 2d 569, 575 (E.D. Va.) ("When an inmate legally changes his name for religious purposes, the Department of Corrections, upon notice of such a change, is required to add the new name to the prison file." (citations omitted)), aff'd, 68 F. App'x 460 (4th Cir. 2003); Thacker v. Dixon, 784 F. Supp. 286, 287, 297 (E.D.N.C. 1991) (finding that an inmate had legally changed his name but concluding that a prison official's use of both the inmate's committed name and legal Muslim name did not violate the inmate's First Amendment rights); see also N.C. Dep't of Pub. Safety, Offender Pub. Info.,

4

https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0468975&searchOffenderId=0468975&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (visited Nov. 16, 2022) (identifying plaintiff as Christopher Mosby).

In sum, because plaintiff does not cite to any change in controlling law, raise any relevant newly discovered evidence, identify any clear error of law in the court's prior orders, or show that the result was manifestly unjust, plaintiff is not entitled to relief under Rule 59(e). See Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (citation and quotation marks omitted)).

Further, because he fails to demonstrate a "meritorious claim or defense," or that "exceptional circumstances warrant the relief," plaintiff also fails to meet the threshold requirements for relief under Rule 60(b). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993).

## Conclusion:

Accordingly, the court DENIES plaintiff's instant motion [D.E. 65] and DIRECTS the clerk to accept no further filings in this case aside from any appeal.

SO ORDERED. This **17** day of November 2022.

Terence W. Boyle
TERRENCE W. BOYLE
United States District Judge

5